

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*   *Direct Dial: (973) 645-2746*
*Newark, New Jersey 07102*

March 16, 2020

**VIA ECF**

The Honorable Edward S. Kiel
United States District Judge
Martin Luther King Building
  & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:   *United States v. Jose Torres*, Mag. No. 20-10059 (MAH)

Dear Judge Kiel:

    The Government respectfully submits this letter brief in lieu of a more formal submission in support of its motion pursuant to Federal Rule of Criminal Procedure 5.1(d) to extend the time to hold a preliminary hearing in the above-referenced case.

    On February 13, 2020, defendant Jose Torres ("Torres") was charged via criminal complaint with two counts of coercion and enticement in violation of Title 18, United States Code, Section 2422(a).  On February 14, 2020, Torres was arrested on these charges.  On February 18, 2020, Torres had his initial appearance in the District of Massachusetts.  At the initial appearance, Torres' counsel waived his rights to a preliminary hearing in the District of Massachusetts.  Torres then hired counsel in New Jersey.  While Torres was in transport to New Jersey, his counsel got approval and signed a continuance in the matter through April 30, 2020.

    On March 12, 2020, Torres appeared for his initial appearance in the District of New Jersey before the Honorable Edward S. Kiel.  At that time, he was represented by his counsel, Steven Altman.  During the course of the proceedings, Mr. Altman requested that he be relieved from representing Torres.  The Judge advised that he would be relieved at the end of Torres' Initial Appearance.  During the course of the proceedings, it was unclear whether Torres, through Mr. Altman, waived his right to a preliminary hearing.

Pursuant to Rule 5.1(c), "[t]he magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody[.]" *See also* 18 U.S.C. § 3060(b)(1). Thus, pursuant to Rule 5.1(c), if Torres did not waive his right to a preliminary hearing, Torres must be afforded a preliminary hearing within 14 days of March 12—i.e., by March 26, 2020.

However, under Rule 5.1(d), "a magistrate judge may extend the time limits in Rule 5.1(c) one or more times." Specifically, "[i]f the defendant does not consent,"[1] the "magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay." *See also* 18 U.S.C. § 3060(c). The Government submits that such circumstances are present here.

Torres' counsel unexpectedly was relieved from representing him at the initial appearance. Torres now has to either retain additional counsel or obtain court-appointed counsel, and discuss with his new counsel his various options, including a waiver of his right to a preliminary hearing. Additionally, a national emergency has been declared in the United States, and the Governor of New Jersey has declared a State of Emergency due to the recently announced pandemic resulting from the spread of COVID-19. This has created unforeseen problems with visitors, including counsel, having access to their clients at prisons, which are particularly susceptible to the spread of COVID-19. Additionally, many court-related proceedings have been adjourned for the foreseeable future. Just today, the District Court issued a Standing Order, noting "reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduled of further trials." Standing Order 20-02, ¶ 6.

Natural emergencies, such as severe weather, have constituted "extraordinary circumstances". *See United States v. Bagios*, No. 11-CR-6030 (RSR), 2011 WL 817856, at *5 (S.D. Fla. Mar. 2, 2011) (holding that severe weather that disrupted the USMS's air fleet and prevented the defendant from being brought to the charging district within 14 days constituted "extraordinary circumstances" that "warrant an extension of the preliminary-hearing period"). Additionally, a defendant's change of counsel has also been found to be an "extraordinary circumstance" warranting an adjournment. *United States v. Cohen*, No. 17-CR-00114 (APG) (CWH), 2017 WL 4417467, at *3 (D. Nev. July 2, 2017), *report and recommendation adopted*, No. 17-CR-0114 (APG) (CWH), 2017 WL 4397366 (D. Nev. Oct. 3, 2017) (holding that extraordinary circumstances existed where the defendant obtained a new attorney, so a delay "to allow him to prepare for the preliminary hearing was appropriate").

---

[1] Torres has not explicitly consented to this request.

Given the difficulties in bringing in witnesses to prepare for and testify at a preliminary hearing during the current state of emergency, as well as Torres' change of counsel, the Government submits that extraordinary circumstances exist and that an extension pursuant to Rule 5.1(d) would be in the interests of justice. The Government therefore respectfully requests that the Court grant its motion and extend the time limits under Rule 5.1(c) and adjourn the preliminary hearing for a period of approximately 30 days, or April 27, 2020.

        Respectfully submitted,

        CRAIG CARPENITO
        UNITED STATES ATTORNEY

By: _____
        EMMA SPIRO
        Assistant United States Attorney

Dated: March 16, 2020

cc:    Steven Altman, Esquire (via email)
       Lisa Mack, Assistant Federal Public Defender (via email)