

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*   Direct Dial: (973) 645-2746
*Newark, New Jersey 07102*

April 20, 2020

**VIA ECF**

The Honorable Edward S. Kiel
United States District Judge
Martin Luther King Building
  & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:   *United States v. Jose Torres*, Mag. No. 20-10059 (MAH)

Dear Judge Kiel:

    The Government respectfully submits this letter brief in lieu of a more formal submission in support of its motion pursuant to Federal Rule of Criminal Procedure 5.1(d) to extend the time to hold a preliminary hearing in the above-referenced case.

    On or about February 13, 2020, defendant Jose Torres ("Torres" or "defendant") was charged via criminal complaint with two counts of coercion and enticement in violation of Title 18, United States Code, Section 2422(a). On February 14, 2020, Torres was arrested on these charges. On or about February 18, 2020, Torres had his initial appearance in the District of Massachusetts. At the initial appearance, Torres' counsel waived his rights to a preliminary hearing in the District of Massachusetts. Torres then hired counsel in New Jersey. While Torres was in transport to New Jersey, his counsel obtained permission from Torres to enter a continuance in the matter through April 30, 2020.

    On or about March 12, 2020, Torres appeared for his initial appearance in the District of New Jersey before the Honorable Edward S. Kiel. At that time, he was represented by his counsel, Steven Altman. During the course of the proceedings, Mr. Altman requested that he be relieved from representing Torres. The Judge advised that he would be relieved at the end of Torres' Initial Appearance. During the course of the proceedings, it was unclear whether Torres, through Mr. Altman, waived his right to a preliminary hearing.

    On or about March 16, 2020, the government moved for an adjournment of the preliminary hearing pursuant to Rule 5.1(d), in light of Torres' change of counsel and the COVID-19 pandemic. On or about March 17, 2020, Torres appeared for an

appointment of counsel and bail hearing before your Honor, as well as to address the government's motion for an adjournment of the preliminary hearing. At that time, the Court appointed Lisa Mack from the office of the Federal Public Defender to represent Torres. Torres made clear that he was not willing to waive the preliminary hearing or consent to an adjournment. The Court ruled for the Government, adjourning the preliminary hearing for a period of 30 days due to "extraordinary circumstances regarding the national pandemic of COVID-19 and the interests of justice being served by an adjournment of the preliminary hearing pursuant to Federal Rule of Criminal Procedure 5.1(d)." D.E. 11. The Court also denied defendant's motion for bail, and ordered that defendant be detained. The Government now writes to request another 30-day extension of the preliminary hearing, currently scheduled for April 27, 2020.

Pursuant to Rule 5.1(c), "[t]he magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody[.]" *See also* 18 U.S.C. § 3060(b)(1). However, under Rule 5.1(d), "a magistrate judge may extend the time limits in Rule 5.1(c) **one or more times**" (emphasis added). Specifically, "[i]f the defendant does not consent,"[1] the "magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay." *See also* 18 U.S.C. § 3060(c). The Government submits that such circumstances are present here.

As the Court acknowledged in its prior ruling, a national emergency has been declared in the United States, and on or about March 9, 2020, the Governor of New Jersey declared a State of Emergency due to the pandemic resulting from the spread of COVID-19. Even more recently, the Governor has extended his stay at home order indefinitely, which requires all non-essential personnel to stay at home with very few exceptions. This Court has also followed suit, heeding CDC guidelines to "social distance" and limit any gatherings, including non-essential court appearances. On or about March 16, 2020, the District Court issued a Standing Order, continuing all jury trials through April 30, 2020 and noting "reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduled of further trials." Standing Order 20-02, ¶ 6. And on or about April 17, 2020, the District Court issued another Standing Order, continuing all jury trials through May 31, 2020, and explicitly noting the indefinite stay at home order in place in New Jersey and the CDC social distancing guidance. *See* Standing Order 20-09.

As acknowledged by this Court, the COVID-19 pandemic and accompanying regulations have created unforeseen problems with visitors, including counsel having access to their clients at prisons. *See* Standing Order 20-02, ¶ 6. Additional problems surround this pandemic: travel restrictions limit access to courts, the

---

[1] The government spoke with defense counsel last week who advised that Torres would not consent to this request.

potential spread of illness at the court is great[2], difficulties arise in obtaining testimony from witnesses who are often either ill or have childcare responsibilities now that schools are closed, among many others. This case poses particular problems with victim privacy based on the nature of the allegations. Ordinarily, this would be a case the government would seek to indict in order to protect victim statements in open court, and the possible identification of such victims, at this early stage of the litigation. However, due to the pandemic, the inability to get a grand jury quorum has prevented the government from proceeding by indictment.

Natural emergencies, such as severe weather, have constituted "extraordinary circumstances". *See United States v. Bagios*, No. 11-CR-6030 (RSR), 2011 WL 817856, at *5 (S.D. Fla. Mar. 2, 2011) (holding that severe weather that disrupted the USMS's air fleet and prevented the defendant from being brought to the charging district within 14 days constituted "extraordinary circumstances" that "warrant an extension of the preliminary-hearing period"). More pertinently, a number of recent cases from around the country have found that extraordinary circumstances were demonstrated as a result of the COVID-19 epidemic. For example, the court in *United States v. Munoz*, 2020 WL 1433400 (S.D. Cal. Mar. 24, 2020), extended the preliminary hearing deadline by 30 days, finding that

> "extraordinary circumstances exist and justice requires" that defendant's preliminary hearing be continued beyond the 14-day deadline of Fed. R. Crim P. 5.1(c). As outlined in the Order of the Chief Judge, current health restrictions have "greatly jeopardized" the ability of counsel, witnesses, parties, and Court staff to be present in the courtroom. As a result, the Court has suspended "all proceedings under Federal Rule of Criminal Procedure 5.1" until April 16, 2020. For these reasons, the deadline for holding a preliminary hearing in this case will be extended to April 24, 2020, absent further order from this Court.

*Id.* at *1. Similarly, the court in *United States v. Carrilllo-Villa*, No. 20 Mag. No. 3073, 2020 WL 1644773, at *2 (S.D.N.Y. Apr. 2, 2020), concluded that the COVID-19 pandemic has created "extraordinary disruption" throughout the district, including the imposition of travel restrictions and bans of mass gatherings. The *Carolllo-Villa* Court also looked to the Southern District of New York's Standing Order, which suspended all jury trials through June 1, 2020. The Court therefore held that the COVID-19 pandemic, and the disruptions it had caused were "extraordinary circumstances" pursuant to Rule 5.1(d) and that "justice requires the delay" of the preliminary hearing for a period of 30 days. *Id.* at *3.

---

[2] Standing Order 20-009 notes that "participants in court proceedings are often necessarily in close proximity to one another." Notably, Torres refused to consent to a video appearance for his bail hearing.

The difficulties in New Jersey mirror those in New York. Health experts urge everyone to stay at home and the Governor has required New Jersey's citizens to follow these recommendations. This Court has acknowledged the difficulties of court appearances and adjourned many proceedings including all jury trials. Moreover, the last day this district was able to get a grand jury quorum was over a month ago – on or about March 13, 2020. Thus, the government's alternative option – presenting this case to a grand jury – is not currently available. *See Carrilllo-Villa*, 2020 WL 1644773, at *3 (noting that the disruption from the COVID-19 pandemic is demonstrated by the fact that there are no active grand juries in the district). Given the many difficulties noted, including bringing in witnesses to prepare for and testify at a preliminary hearing during the current state of emergency, the Government submits that extraordinary circumstances exist and that a second extension pursuant to Rule 5.1(d)[3] would be in the interests of justice. The Government therefore respectfully requests that the Court grant its motion to extend the time limits under Rule 5.1(c) and adjourn the preliminary hearing for a period of approximately 60 days, or to June 29, 2020.[4]

Respectfully submitted,

CRAIG CARPENITO
UNITED STATES ATTORNEY

By: /s/ Emma Spiro

EMMA SPIRO
Assistant United States Attorney

Dated: April 20, 2020

cc:   Lisa Mack, Assistant Federal Public Defender (via email)

---

[3] Rule 5.1(d) explicitly permits "one **or more**" extensions of the preliminary hearing.

[4] The Government is requesting 60 days based on the current state of the country and New Jersey in particular, which has had over 80,000 confirmed cases of COVID-19 and over 4,300 deaths from the virus. *See* https://nj.gov/health/cd/topics/covid2019_dashboard.shtml. Given the indefinite duration of New Jersey's stay at home order, it seems unlikely that we will be able to conduct a preliminary hearing, or obtain a grand jury quorum within 30 days.