**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **RICHARD COUGHLIN**<br>FEDERAL PUBLIC DEFENDER | 1002 Broad Street<br>Newark, New Jersey 07102 | **CHESTER M. KELLER**<br>FIRST ASSISTANT |

(973) 645-6347   Telephone
(973) 645-3101   Facsimile

April 22, 2020

VIA ECF & ELCTRONIC MAIL
Honorable Edward S. Kiel
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *United States v. Jose Torres*
Crim. No. 20-10059-M (MAH)

Dear Judge Kiel:

Mr. Torres respectfully submits this letter brief in lieu of a more formal submission in opposition to the government's motion pursuant to Federal Rule of Criminal Procedure 5.1(d) for a 60-day extension of the time to hold a preliminary hearing in this case. This request follows the almost 6-week extension already granted by this Court, and the government now seeks another 60 days, taking it well beyond the May 31 date in Standing Order 2020-09. Given the prejudice Mr. Torres has already suffered, the request should be rejected.

The Court will recall that at Mr. Torres' initial appearance, the government requested its first extension.[1] Mr. Torres opposed this extension, noting that he will not receive any discovery until well after an indictment issues. That delay is structural, built into the discovery process by the procedural rules. Now, six weeks later, Mr. Torres has received not one piece of discovery. Not only is this lack of information hampering him from preparing his defense, it, more importantly, seriously impedes his request for bail. The Court will recall that during the argument for bail, the government offered wholesale blocks of evidence – phone calls, hotel stays, forensics, etc. – evidence that Mr. Torres has neither seen nor about which he has received any information. He cannot rebut evidence that the government refuses to disclose. And it is abjectly inequitable to base a bail decision upon evidence that Mr. Torres has not received and cannot review.

---

[1] The Court granted the government's request, adjourning the preliminary hearing for a period of 30 days due to "extraordinary circumstances regarding the national pandemic of COVID-19 and the interests of justice being served by an adjournment of the preliminary hearing pursuant to Federal Rule of Criminal Procedure 5.1(d)."[1] ECF # 11.

The government now wants to add to this delay with an additional, 60-day extension of the preliminary hearing, currently scheduled for April 27, 2020.[2] The government argues that substantial obstacles stand in the way of conducting a preliminary hearing on April 27. And as the district has not been able to achieve the grand jury quorum necessary to indict Mr. Torres, the government claims that the only reasonable solution was to further delay Mr. Torres' preliminary hearing by 60 days. That request, however, overlooks the prejudice worked to Mr. Torres with this additional delay and overreaches, seeking an extension beyond what Chief Judge Wolfson has already ordered.

The government bases its request on the impact of the ongoing COVID-19 pandemic, observing that states of emergency have been declared at both the federal and state level. The government relies on Standing Order 2020-09, which continues all jury trials through May 31, 2020, and explicitly noted the indefinite stay at home order in place in New Jersey and the CDC social distancing guidance. The government also cited other decisions by district courts in New York and California that granted requests to delay preliminary hearings.

Mr. Torres understands the current impact of the COVID-19 pandemic and acknowledges the difficulty of holding a preliminary hearing on April 27. However, Mr. Torres opposes the length of the proposed 60-day extension for several reasons. First, as discussed above, the government relies on this delay to avoid producing any discovery, because Mr. Torres is not entitled to discovery until he is indicted.  That, as he outlined, not only impedes his defense, it prevents him from answering the government's bail arguments.  The government can argue to keep a defendant in custody while concomitantly refusing to provide him the information he needs to counter its argument in favor of custody.

 Next, the 60-day extension will delay Mr. Torres his right to due process for much longer than should be necessary.  The government has sought to justify the length of the 60-day extension "based on the current state of the country and New Jersey in particular, which has had over 80,000 confirmed cases of COVID-19 and over 4,300 deaths from the virus." Second Letter to Judge Kiel re Preliminary Hearing 4, n.4. The government claimed that "[g]iven the indefinite duration of New Jersey's stay at home order, it seems unlikely that we will be able to conduct a preliminary hearing, or obtain a grand jury quorum within 30 days." *Id.*  However, the government's attempt to predict the state of the pandemic in 30 days both ignores the relevant projections and takes advantage of the fluid situation to tread on Mr. Torres' right to due process.

---

[2] The government's letter requested, at different times, "another 30-day extension" (p. 2) and to "adjourn the preliminary hearing for a period of approximately 60 days" (p.4). Given that the request for a 60-day extension was specially accompanied by a footnote that sought to justify the length of 60 days, the defense assumes that the government's request is for a 60-day extension.

The government's request cited the raw number of COVID-19 cases and deaths in New Jersey. But the government omits the fact that the state has already passed the peak of the pandemic and is currently on the decline. According to the widely cited COVID-19 model built by the Institute for Health Metrics and Evaluation,[3] the pandemic peaked in New Jersey on April 15 with around 300 deaths per day. https://covid19.healthdata.org/united-states-of-america/new-jersey. By late May, the number of deaths per day is projected to flat line at zero. *Id.* This would indicate that the situation is improving in New Jersey and does not necessitate a two-month extension.

The government also relied on the indefinite nature of Governor Murphy's stay-at-home order to justify a 60-day extension. However, this reliance is improper. An indefinite order implicates no specific timetable because the related situation is prone to change. The stay-at-home order may continue for any amount of time, long or short. It is inappropriate for the government to leverage the uncertain trajectory of a viral pandemic to argue for a massive delay in Mr. Torres' criminal proceedings. Rather, the Court should take inspiration from the state's indefinite order by granting a shorter extension and monitoring the situation.

Additionally, the 60-day extension is substantially longer than extensions granted by other District Courts. In its letter brief, the government cited two recent decisions: *United States v. Munoz* and *United States v. Carrilllo-Villa*. In *Munoz*, the District Court for the Southern District of California found that "'extraordinary circumstances exist and justice requires' that defendant's preliminary hearing be continued beyond the 14-day deadline of Fed. R. Crim P. 5.1(c)." *United States v. Munoz*, No. 20MJ1138-MDD, 2020 WL 1433400, at *1 (S.D. Cal. Mar. 24, 2020). Therefore, the court extended the preliminary hearing deadline by 30 days.

In *Carrillo-Villa*, the District Court for the Southern District of New York also found the existence of "extraordinary circumstances" that required a delay in the defendant's preliminary hearing. *United States v. Carrilllo-Villa*, No. 20 MAG. 3073, 2020 WL 1644773, at *3 (S.D.N.Y. Apr. 2, 2020). Accordingly, the court extended the preliminary hearing deadline by 30 days. Notably, the government had sought an extension of 46 days. But the court held that, "given the lack of clarity regarding the duration of the impediments to presenting evidence at the preliminary hearing, only a 30-day extension should be granted at this time." *United States v. Carrilllo-Villa*, No. 20 MAG. 3073, 2020 WL 1644773, at *3 n.2. (S.D.N.Y. Apr. 2, 2020). The court stated that the government could make a future application for another extension beyond the granted 30 days.

Both of the above decisions counsel in favor of a 30-day extension and against a substantially longer extension, if the Court is inclined to grant the government's request. Both the *Munoz* Court and the *Carrilllo-Villa* Court chose to grant 30-day extensions,

---

[3] Dr. Deborah Birx, the White House Coronavirus Response Coordinator, has cited the IHME model multiple times, including in an interview with NBC. http://www.healthdata.org/acting-data/our-covid-19-forecasting-model-otherwise-known-chris-murray-model.

with the *Carrilllo-Villa* Court specifically refusing to grant a longer extension. Moreover, the extensions were granted on March 24 and April 2, before the COVID-19 pandemic had peaked in New York and California. [https://covid19.healthdata.org/united-states-of-america/new-york](https://covid19.healthdata.org/united-states-of-america/new-york); [https://covid19.healthdata.org/united-states-of-america/california](https://covid19.healthdata.org/united-states-of-america/california). At that time, the courts were uncertain regarding the duration of the pandemic. Now, as the virus has become contained and fatalities are decreasing, this Court has no compelling reason to grant a lengthy 60-day extension.

      Mr. Torres appreciates the disruption that the COVID-19 pandemic has caused to the workings of the Court. However, the government's attempt to delay his proceedings by a full two months is not justified by the current state of the pandemic or the decisions of other federal courts. Therefore, Mr. Torres opposes the request for a 60-day extension of his preliminary hearing.

                                                                                      Respectfully,
                                                                                   /s/ Lisa M. Mack

cc:      Emma Spiro – *via Electronic Mail*
         Jose Torres – *via US Mails*